ACCEPTED
15-25-00019-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/13/2025 1:55 PM
CHRISTOPHER A. PRINE
CLERK

**NO. 15-25-00019-CV**

FILED IN
15TH COURT OF APPEALS
AUSTIN, TEXAS
3/13/2025 1:55:14 PM
CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS FOR THE
# FIFTEENTH DISTRICT OF TEXAS AT AUSTIN

---

**In Re T. BENTLY DURANT, THOMAS R. DURANT, THE DURANT CLASSIC DYNASTY TRUST, MICHAEL A. WARD, 8100 PARTNERS, LTD., 8100, MANAGEMENT LLC, 8705 PARTNERS, LTD., 8705 MANAGEMENT LLC, CLASSIC CHEVROLET SUGAR LAND, LLC, CLASSIC CHEVROLET WEST HOUSTON, LLC, CLASSIC ELITE BUICK GMC, INC., AND 16835 CADET PARTNERS, LLC.,**
*Relators.*

---

Original Proceeding from the
Business Court of the State of Texas, Eleventh Division
Cause No. 25-BC11A-0001
Honorable Stacy Rogers Sharp, Judge of the Texas Business Court
Fourth Division, Sitting by Assignment

---

## REPLY IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS

---

**SHACKELFORD, MCKINLEY & NORTON, LLP**
*Attorneys for Relators*

K. Elizabeth Swan
State Bar No. 24071218
eswan@shackelford.law
Derek D. Rollins
State Bar No. 24029803
drollins@shackelford.law
Lucas Peterson
State Bar No. 24121468
lpeterson@shackelford.law
9201 N. Central Expy., 4th Floor,
Dallas, Texas 75231
Telephone: (214) 780-1400
Facsimile: (214) 780-1401

Timothy D. Zeiger
State Bar No. 22255950
tzeiger@shackelford.law
2600 Via Fortuna, Suite 150
Austin, Texas 78746
Telephone: (512) 469-0900
Facsimile: (512) 469-0930

TABLE OF CONTENTS

Table of Contents...........................................................................................................ii

Index of Authorities.....................................................................................................iv

References......................................................................................................................vi

Argument .......................................................................................................................7

I.    Summary...............................................................................................................7

II.   Chapter 25A does not require the business court to have jurisdiction over an action it is not being asked to adjudicate.....................................................9

    A.    Recent opinions of this Court and the business court do not preclude partial removal and separation of a removed action from a non-removed action..................................................................................9

        1.    *ETC* did not address partial removal, the resultant separation and *de facto* severance, or the effect of partial removal and severance on the commencement date of the removed action..................................................................................................9

        2.    *Cypress* confirms the removed action "commences" on the date the claims comprising the removed action were first filed. ...................................................................................................11

        3.    Other cases relied upon by the Sebastians are distinguishable. .............................................................................13

    B.    Chapter 25A requires the business court to accept Relators' partial removal and *de facto* severance.........................................................15

        1.    The mandatory separation of claims under § 25A.004(f) necessarily permits partial removal, as Relators did in this case............................................................................................15

        2.    Partial removal and the consequent separation of claims under § 25A.004(f) constitutes *de facto* severance of the removed claims..................................................................................20

ii

3.     The business court need not have jurisdiction over every claim in the underlying trial court case to accept a removed action that consists of fewer than all claims in that case. .......... 22

III.    No adequate remedy by appeal exists. ......................................... 26

Prayer for Relief ................................................................................ 27

Certificate of Compliance .................................................................. 29

Certificate of Service ........................................................................ 30

**Cases:**

*Cypress Towne Ctr., Ltd. v. Kimco Realty Servs., Inc.*,
    2025 Tex. Bus. 8, 2025 WL 610519 (February 25, 2025)....11, 12, 19, 22, 25

*In re ETC Field Servs., LLC*,
    No. 15-24-00131-CV, 2025 WL 582320 (Tex. App.—15th Dist.,
    February 21, 2025, orig. proceeding)................................9, 10, 11, 19, 21, 26

*Jaster v. Comet II Const., Inc.*,
    438 S.W.3d 556 (Tex. 2014) ................................................................. 18, 19

*Martinez v. Gonzales*,
    No. 13-14- 00241-CV, 2015 WL 5626242, (Tex. App.–Corpus Christi—
    Edinburg, Sept. 17, 2015, no pet.) .............................................................. 15

*Morris v. Ponce*,
    584 S.W.3d 922 (Tex. App.–Houston [14th Dist.] 2019, no pet.)................ 15

*Murphy v. Russell*,
    167 S.W.3d 835 (Tex. 2005) .......................................................................25

*Osmose Utils. Servs., Inc. v. Navarro Cnty. Elec. Coop.*,
    2025 Tex. Bus. 3, No. 24-BC01A-0011, 2025 WL 370681
    (Tex. Bus. Ct. January 31, 2025)............................................................ 14, 21

*S&P Consulting Eng'rs, PLLC v. Baker*,
    334 S.W.3d 390 (Tex. App.—Austin 2011, no pet.) (en banc) ................... 15

*Waco Indep. Sch. Dist. v. Gibson*,
    22 S.W.3d 849 (Tex. 2000) ......................................................................... 10

*Yadav v. Agrawal*,
    2025 Tex. Bus. 7, 2025 WL 467645 (February 11, 2025)........................... 14

**Statutes:**

TEX. GOV'T CODE § 24.532 ..............................................................................27

Tex. Gov't Code § 25A.004 ...............................................................passim

Tex. Gov't Code § 25A.006 ...............................................................passim

| Party or Document | Reference |
|---|---|
| Act of May 25, 2023, 88th Leg., R.S., ch.380, § 1, 2023 Tex. Sess. Law Serv. 919, 919 | "the Act" |
| Tex. Gov't Code Chapter 25A | "Chapter 25A" |
| February 4, 2025 Opinion and Order (App.A) | "Remand Order" |
| Real Parties in Interest Michael Jeffrey Sebastian and Tiffany Sebastian | "Jeff" "Tiffany" Collectively, "the Sebastians" |
| Relators T. Bently Durant, Thomas R. Durant and The Durant Classic Dynasty Trust | "Classic" |
| 387th Judicial District Court of Fort Bend County, Texas | "Divorce Court" |
| Mandamus Record | "MR:[page]." |

**ARGUMENT**

## I.     Summary.

The Sebastians ask this Court to create a rule precluding partial removal under § 25A.006(d) of discrete actions ("action" meaning a claim, claims, or all claims involved in the original court proceeding) that are within the business court's jurisdiction, in any case where the business court lacks jurisdiction over the entirety of the claims comprising the original action – regardless of whether the entire original action was removed or whether any party asked the business court to adjudicate all claims comprising it. Adopting such a rule would improperly invalidate portions of Chapter 25A.

The Sebastians' proposed interpretation of Chapter 25A – that a party must remove an entire case as one inseparable "action" under § 25A.006(d) –would negate the supplemental jurisdiction provisions of § 25A.004(f) that authorize partial removal, separation, and *de facto* severance of the original action into separate actions when some claims within the original action fall outside the jurisdiction of the business court and the parties and the court do not or cannot agree to the exercise of supplemental jurisdiction over those claims. When any party refuses to submit those claims to the business court, the only result that gives effect to the Act as a whole is that the original action is separated (i.e., *de facto* severed) into two separate actions: 1) the removed action; and 2) the non-removed action. This can only be accomplished through partial removal by a party *and/or* partial remand by the

7

business court. The Legislature bestowed equal authority upon litigants to remove and the business court to remand an "action" under § 25A.006(d).

This Court must adopt an interpretation that gives effect to the Act as a whole. The only definition of "action" in § 25A.006(d) that avoids rendering the supplemental jurisdiction provisions meaningless is that "action" means a claim or claims (which can, but need not, include all claims involved in the original court proceeding) and a party may remove an "action" comprised of fewer than all claims in the case. That same definition must be applied across the Act, including to Section 8, which dictates that the changes in the law apply to civil "actions" (which can be comprised of fewer than all claims in the case) commenced on or after September 1, 2024.

This Court should clarify that the business court need only have jurisdiction over removed actions that are actually submitted to the business court for final resolution. To hold otherwise would create an absurd result—in this case and others—and would open the door to circumvention of the statutory scheme with artful pleading. In this case, the removed action consists entirely of company-related claims filed after September 1, 2024 that are indisputably within the business court's subject-matter jurisdiction. The business court had no discretion to remand.

**II. Chapter 25A does not require the business court to have jurisdiction over an action it is not being asked to adjudicate.**

    **A. Recent opinions of this Court and the business court do not preclude partial removal and separation of a removed action from a non-removed action.**

        **1. *ETC* did not address partial removal, the resultant separation and *de facto* severance of the original action into discrete actions, or the effect of partial removal and severance on the commencement date of the removed action.**

The issues presented in *ETC* are distinct from the present case – that opinion does not preclude the relief requested here. *In re ETC Field Servs., LLC*, No. 15-24-00131-CV, 2025 WL 582320 (Tex. App.—15th Dist., February 21, 2025, orig. proceeding). *ETC* did not address partial removal or express any opinion on: 1) whether partial removal is allowed by Chapter 25A; 2) whether partial removal under Chapter 25A results in *de facto* severance; or 3) the effect of partial removal on the removed action's commencement date. *Id*. Relators now seek guidance from the Court on those issues.

This Court in *ETC* held that a civil action "commenced" on the date the claims in the removed action were first filed in the original trial court case, and not on the date that action was later removed to the business court. *Id*. at *2. A critical difference between this case and *ETC* is that here, Relators partially removed (which Chapter 25A allows) the action comprised only of the company-related claims indisputably within the business court's subject-matter jurisdiction and filed after the Act's effective date rather than the entire lawsuit originally pending in the

9

Divorce Court. *See* Relators' Petition pp. 21-36. Relators are not arguing the removed action commenced as of the date of removal, which this Court rejected in *ETC*; the removed action commenced as of the date the claims in the removed action were first filed in the Divorce Court (December 3, 2024). MR:364.

By contrast, the Sebastians contend the removed action commenced when the divorce claims comprising the non-removed action were first filed – despite the fact that those divorce claims 1) do not include (or even concern) Relators; 2) have not been removed by any party, 3) are not part of the removed action, and 4) have been *de facto* severed from the removed action through partial removal as provided by Chapter 25A.[1]

Relators do not contend that the amended pleadings adding new parties and claims would alter the commencement date of the removed action *if Relators had removed the entire original action, including the earlier filed claims against earlier added parties*. This case does not present that issue. This removed action does not include the earlier filed divorce claims, which are entirely unrelated to the company-

---

[1] Further making the Sebastian's argument genuinely absurd and untenable, ***the divorce claims were filed before Relators are even alleged to have engaged in the conduct giving rise to the Sebastians' company-related claims against them***. MR:391-392 (complaining of Jeff's termination on July 22, 2024 and subsequent events). Obviously, a party cannot be sued for damages based on conduct that has not yet occurred. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 852 (Tex. 2000) ("A case is not ripe when determining whether the plaintiff has a concrete injury depends on contingent or hypothetical facts, or upon events that have not yet come to pass."). Common sense must be discarded to hold that the removed commercial action commenced at the same time as the divorce action under these facts because, according to the Sebastians, the removed claims had not even accrued yet. If this Court adopts the interpretation of the Act advanced by the Sebastians, absurd results will undoubtedly continue to occur.

related claims first filed December 3, 2024. MR:364. This removed action thus commenced on the date the *removed* claims were first filed in the Divorce Court (not when the non-removed and unrelated interspousal divorce claims were first filed), consistent with *ETC*. A removed action should not be subject to remand based on the commencement date of an unrelated, non-removed action which, after partial removal, must continue to proceed concurrently and separately under a different cause number in the original court (or otherwise be abated or dismissed).

**2.**    ***Cypress* confirms the removed action "commences" on the date the claims in the removed action were first filed.**

In considering whether the removed action was commenced before or after the Act's effective date, "the only operative fact is the commencement date *of the action which was removed* to the Business Court." *Cypress Towne Ctr., Ltd. v. Kimco Realty Servs., Inc.*, 2025 Tex. Bus. 8 ¶11, 2025 WL 610519 at *4 (February 25, 2025) (emphasis added). Here, the removed action consists only of the company-related claims against Relators, not the interspousal divorce claims. According to *Cypress*, the "only operative fact" in the present case is that the claims in the *removed* action were first filed (and thus, the action commenced) on December 3, 2024; the filing and commencement date of the original lawsuit comprised of the divorce claims that were not removed is irrelevant. *Id.*; MR:364. This removed action commenced after the Act's effective date and falls within the business court's subject-matter jurisdiction under Chapter 25A, and the business court had no

11

discretion to misapply the statute and remand this case.

The *Cypress* court noted that the defendants removed the entire action from the district court, including all claims and causes of action which were filed before the Act's effective date of September 1, 2024. *Cypress*, 2025 Tex. Bus. 8 ¶3, 2025 WL 610519, at *2. The *Cypress* court did not foreclose the possibility of a removed action having a different commencement date had the defendants partially removed an action comprised only of the subsequently filed claims rather than removing all claims in the entire lawsuit:

> Defendants rely on *Martinez* and *Morris* to justify the assertion that "[s]ince the action was commenced against KRC after September 1, 2024, [D]efendants had the right to remove the action to this Court under Section 25A.006(d)." However, **as Defendants have made clear, *it is not solely the action against KRC* (i.e., the arguably jurisdictional action) which Defendants removed to the Business Court, *but the entire action*.** Because the relevant sections of H.B. 19 do not prescribe any party-specific rights **in this context**, *Martinez* and *Morris* are inapposite.

*Cypress*, 2025 Tex. Bus. 8 ¶23, 2025 WL 610519 at *8 (emphasis added). Here, Relators did partially remove only the action comprised of the subsequently-filed company-related claims against them – the removed action thus commenced when the company-related claims were first filed, not when the unrelated action comprised of the non-removed claims commenced. *Id*.

The *Cypress* court acknowledged with its use of the word "action" that an "action" consists of a claim or claims, but not necessarily all claims, pleaded in the underlying trial court case. The *Cypress* court expressly recognized and referred to

12

two separate "actions" within the same original case: 1) "the action against KRC (*i.e.*, the arguably jurisdictional action)" which consists only of those claims against KRC; and 2) the "entire action" consisting of all claims in the original trial court prior to removal. *Id.*, ¶23. Further, the *Cypress* court did not hold that it would lack jurisdiction had the defendants partially removed only the action against KRC. *Id.*, ¶14 ("Under the facts presented here—where Defendants removed ***the entire action*** including all claims and controversies pending prior to September 1, 2024…." (emphasis added)); ¶23 (referring to the action against KRC as "the arguably jurisdictional action").

This case presents a new issue because Relators partially removed the action comprised only of the company-related claims against them, which commenced after the Act's effective date. MR:4-5. Under the reasoning of *Cypress*, the removed action against Relators is a "jurisdictional action" separate and distinct from the non-removed action, which remained pending in the Divorce Court under the original cause number. Because the removed action consists exclusively of claims that were filed (and thus, the action commenced) after September 1, 2024, and otherwise fall within the subject-matter jurisdiction of the business court, the business court had no discretion to remand.

### 3. Other cases relied upon by the Sebastians are distinguishable.

The Sebastians rely on cases which have already been addressed and

distinguished in Relators' Petition:

- *Osmose Utils. Servs., Inc. v. Navarro Cnty. Elec. Coop.*, 2025 Tex. Bus. 3 at ¶11, No. 24-BC01A-0011, 2025 WL 370681 at *2 (Tex. Bus. Ct. January 31, 2025) was addressed in Relators' Petition at pp. 25-29.

  The *Osmose* court incorrectly construed Chapter 25A as only permitting removal of an entire lawsuit without attempting to analyze or reconcile its holding with § 25A.004(f)'s express allowance for unilateral separation of claims within the original action for concurrent proceedings under different cause numbers in different courts. *Id.*, ¶¶11, 15. Additionally, the *Osmose* court declined to reach the issue of "whether a [claim] can or must be severed before it can proceed separately from another claim in the business court or another court of original jurisdiction…" but noted that "the governing statute and procedural rules contemplate the business court being the initial arbiter of its own jurisdiction," not the original trial court through a pre-removal severance.[2] *Id.*, ¶¶15, 26. *Osmose* did observe that § 25A.004(f) contemplated partial remand, but failed to account for § 25A.006(d)'s equal grant of removal and remand authority with the word "action," which can only be given effect through partial removal or partial remand of an action comprised of fewer than all claims in the original case. *Id.*, ¶11. None of these issues have been presented to this Court.

- *Yadav v. Agrawal*, 2025 Tex. Bus. 7 at ¶76, No. 24-BC03B-0003, 2025 WL 467645 at *14 (Tex. Bus. Ct. February 11, 2025) was addressed in Relators' Petition at pp. 24-26.

  *Yadav* noted an objection to the exercise of supplemental jurisdiction but did not consider or reference § 25A.004(f)'s provision for separation of claims at

---

[2] Relators agree that Chapter 25A vests the business court with authority to remand a removed action (in whole or in part) if the **removed** action is comprised of claims not within the business court's subject-matter jurisdiction but disagree that Chapter 25A only allows the business court to separate claims or otherwise operates as a wholesale prohibition on partial removal by a party. To the extent *Osmose* and *Sebastian* require pre-removal severance, those holdings impermissibly shift the authority to determine what claims do or do not fall within the jurisdiction of the business court to the original court rather than the business court, in contravention of the statutory scheme that contemplates the business court being the initial arbiter of its own jurisdiction, and that lowers the bar for severance by granting litigants in the business court the procedural right to unilaterally refuse, for any reason, to allow the business court to exercise supplemental jurisdiction over a claim or claims – a right that obviously does not exist in any other Texas trial court. For a complete discussion, see Relators' Petition at pp. 31-34.

all.

- *S&P Consulting Eng'rs, PLLC v. Baker*, 334 S.W.3d 390, 395 (Tex. App.—Austin 2011, no pet.) (en banc), heavily relied upon in the Remand Order, was addressed in Relators' Petition at pp. 39-40.

  *S&P Consulting* considered the construction of an entirely different statute, and noted, "[w]e rely on the plain meaning of the statutory text, **unless a different meaning** is supplied by legislative definition or **is apparent from context**, or such construction leads to absurd results." *Id*. (emphasis added). Chapter 25A contains a statutory scheme for the separation of claims into discrete actions for the purpose of exercising jurisdiction, which requires a different meaning of terms used in that context.

- *Martinez v. Gonzales*, No. 13-14- 00241-CV, 2015 WL 5626242, at *3 (Tex. App.–Corpus Christi—Edinburg, Sept. 17, 2015, no pet.) and *Morris v. Ponce*, 584 S.W.3d 922, 927 (Tex. App.–Houston [14th Dist.] 2019, no pet.) were addressed in Relators' Petition at pp. 40-42.

  The Sebastians contend these cases are not on point because they determine when an action commenced as to a given party for purposes of triggering that party's rights. Here, this Court must determine the commencement date of the removed action for the purpose of analyzing whether Relators properly exercised their procedural right to remove, and should reach a similar result as in *Martinez* and *Morris*. In any event, *Martinez* and *Morris* do not support the Sebastians' position that Relators' right to removal was wholly foreclosed based on the commencement date of an action comprised of claims that are not part of the removed action and which no party attempted to remove to the business court.

### B. Chapter 25A requires the business court to accept Relators' partial removal and *de facto* severance.

#### 1. The mandatory separation of claims under § 25A.004(f) necessarily permits partial removal, as Relators did in this case.

The Sebastians acknowledge that the express language of § 25A.004(f)

provides for the separation of claims within the original action for two concurrent and separate proceedings in two different courts. Sebastians' Response, p. 22 ("'the claim' subject to the business court's 'supplemental jurisdiction' proceeds in the court of original jurisdiction concurrently with the claims proceeding in the business court."). The only way to give effect to section 25A.004(f) is to recognize that Chapter 25A allows the process of partial removal and severance of claims within the original action into two separate actions: one action to proceed under its own cause number to its own final and appealable judgment in the business court; and one action to proceed under its own cause number and to its own final and appealable judgment in the original trial court.

The Sebastians concede that Chapter 25A requires the separation of those claims in this scenario but offer no other explanation for its effect. The Sebastians argue that, had the Legislature intended partial removal to be possible, it would have said so – *it did say so*, in the detailed statutory scheme described in § 25A.004(f). This Court must adopt an interpretation that gives effect to that statutory scheme. In arguing a party must remove an entire original case as a single "action" under § 25A.006(d), the Sebastians ignore the statutorily outlined process for partial removal and remand set forth in § 25A.004(f).

While the Sebastians concede claims may be separated into two separate proceedings, they stop short of acknowledging who Chapter 25A authorizes to execute the separation. There are only two options: 1) a party separates the original

16

action through partial removal; and/or 2) the business court separates the original action through partial remand. In either case, the original action is separated to proceed as two separate actions, each with its own judge, court, cause number, claims, commencement date, and independent jurisdictional analysis.

The Sebastians suggest only the business court can separate the claims in the original action through partial remand, because a party must remove the "action," which the Sebastians contend can only refer to all claims in the original case. TEX. GOV'T CODE § 25A.006(d); Sebastians' Response p. 22. The Sebastians ignore that the same subsection of the statute also requires the business court to remand the "action." *Id*. However "action" is interpreted, the same definition must be applied to a party's authority to remove and the business court's authority to remand. ***The statute confers equal authority on the parties and the business court to separate claims into discrete actions***. If the Sebastians' interpretation of "action" is accepted, and a party's authority to remove the "action" precludes partial removal, then the business court's authority to remand the "action" precludes partial remand. The Sebastians' proposed interpretation would render neither the parties nor the business court authorized to separate the claims in the original action and would eliminate any possible use of the statutory scheme for the separation of claims under § 25A.004(f).

The only interpretation of "action" in Chapter 25A that avoids rendering multiple subsections of the statute meaningless is that "action" refers to a claim or

claims, but not necessarily all claims in the original trial court case. Therefore, a party's right to remove an "action" includes partial removal of an action comprised of fewer than all claims in the original case, and the business court's authority to remand an "action" includes partial remand of an action comprised of fewer than all claims in the original case. Chapter 25A confers equal authority on parties and the business court to separate claims into discrete actions.

The Sebastians correctly observe that §§ 25A.004(b)(3) and 25A.004(f) demonstrate that a claim is a component of an action, and so the terms are not synonymous. Sebastians' Response p. 23. The Act plainly does not use the terms synonymously. However, the business court's construction of the terms in this case ignores the Act's express allowance for partial removal and partial remand. The only way to give effect to the Act as a whole is to construe an "action" as a claim *or* a group of multiple claims proceeding together, which could, but need not in every instance, make up all claims in the lawsuit. This definition is easily harmonized with § 25A.004(b)(3) and § 25A.004(f), where a claim is a component of an action, and an action may include a claim, claims, or all claims in a lawsuit.

The Sebastians rely on the *Jaster* case, which is distinguishable. *Jaster v. Comet II Const., Inc*., 438 S.W.3d 556, 563-564 (Tex. 2014). The Supreme Court in *Jaster* interpreted the term "action" as used in a different statute that did not include an express provision for the separation of claims within a case into two separate proceedings in two different courts. *Id*. *Jaster* notes that "words can have more than

18

one meaning," and dictates, "we must give [undefined terms] their common, ordinary meaning *unless the statute clearly indicates a different result*." *Id*. at 563 (emphasis added). Here, Chapter 25A clearly indicates a different result than the statute at issue in *Jaster*, because § 25A.004(f) would be rendered meaningless if "action" were defined to always mean every claim in the original lawsuit to preclude partial removal and partial remand under § 25A.006(d).

Within the context of Chapter 25A, "action" means a claim or claims, not necessarily all claims in the original case. That definition must be applied uniformly across the Act, meaning Chapter 25A applies to civil actions (claim or claims) commenced on or after September 1, 2024. Here, because all claims comprising the removed action were originally filed (and, therefore, the removed action commenced) in the Divorce Court after September 1, 2024, remand on that basis was improper.

While "action" does not necessarily refer to all claims in the original case, it can and does in some situations. Where every claim in the original case is removed to the business court as a single action, all claims comprising that removed action must be filed on or after September 1, 2024 and fall within the jurisdiction (primary or supplemental) of the business court. Removal of the entire original case as a single action occurred in both *ETC* and *Cypress*, warranting the results in those cases. *In re ETC Field Servs., LLC*, 2025 WL 582320 at *1; *Cypress*, 2025 Tex. Bus. 8 ¶23, 2025 WL 610519, at *8. Because Relators partially removed only the action comprised of

the commercial claims filed after September 1, 2024, the present case presents a different procedural scenario requiring a different result. Granting Relators' requested relief in this case would not disturb the holdings of those and other procedurally different cases.

The Sebastians argue the Remand Order properly remanded "removed claims" outside its jurisdiction. Sebastians' Response p. 24. That is not what the Remand Order did. The Remand Order improperly determined that the business court must refuse partial removal altogether, keep the entire original case together as one action, and accept or remand the entire action (comprised of *all* claims) as one, including claims indisputably within its jurisdiction. It thus incorrectly determined that neither it nor the removing party can separate an original action into new actions in contravention of the separation, removal, and remand procedures outlined by the Act. The business court had no discretion to remand in light of the partial remand and removal provisions of §§ 25A.004(f) and 25A.006(d).

> 2. **Partial removal and the consequent separation of claims under § 25A.004(f) constitutes *de facto* severance of the removed claims.**

The action comprised of the commercial claims against Relators was partially removed as provided by Chapter 25A and, therefore, *de facto* severed into a separate action in a separate court with a separate cause number from the original divorce claims pending in the Divorce Court. *See* Relators' Petition pp. 31-36. While the Sebastians acknowledged this point in a footnote, they failed to offer any substantive

20

response or to dispute that the unilateral separation of claims authorized by § 25A.004(f) constitutes *de facto* severance into a new action. Sebastians' Response p. 21 n.2.

While declining to reach the issue outright, the business court has suggested severance would affect the commencement date of the severed claims and the business court's jurisdiction over those claims.[3] App.A:11 (Remand Order, ¶27); *Osmose*, 2025 Tex. Bus. 3 at ¶11, 2025 WL 370681 at *2. Severance did occur here, and the case was separated into two distinct actions each with a commencement date as of the date each set of claims comprising the two actions was initially filed.

Additionally, this Court has noted that nonsuiting and refiling would commence a new civil action with a new commencement date. *In re ETC Field Servs., LLC*, 2025 WL 582320 at *3. Severance similarly commences a new civil action with a new commencement date. In this case, Relators properly exercised their Legislatively granted procedural right to partial removal and unilateral *de facto* severance of the action against them, which commenced on December 3, 2024. MR:364.

The *de facto* severance precluded remand. Once severed into two separate actions through Relators' partial removal, each action was subject to an independent jurisdictional analysis by the business court. The divorce claims were not part of the

---

[3] Requiring pre-removal severance by the trial court under the common law standard would improperly burden litigants with overcoming pre-removal hurdles for severance that do not exist in Chapter 25A. *See* Relators' Petition, p. 31-34.

removed action in the business court. Nor did the Sebastians attempt to remove the original action consisting of the divorce claims that predate the Act's effective date. As a result, the commencement date of the severed, non-removed divorce action was irrelevant to the jurisdictional analysis of whether the removed action is within the business court's jurisdiction. *Cypress Towne Ctr., Ltd.*, 2025 Tex. Bus. 8 ¶11, 2025 WL 610519 at *4. The business court had no discretion to remand the action consisting entirely of claims filed after September 1, 2024 and otherwise within its subject-matter jurisdiction, solely because it lacked jurisdiction over the severed, non-removed action that was not before the court and that no party had asked it to adjudicate.

### 3. The business court need not have jurisdiction over every claim in the underlying trial court case to accept a removed action that consists of fewer than all claims in that case.

The Sebastians argue the following phrase in the statute requires the business court to have jurisdiction over all claims in the original court to accept removal, including independent jurisdiction over every claim, whether removed or not:

> …the business court has supplemental jurisdiction over any other claim related to a case or controversy within the court's jurisdiction that forms part of the same case or controversy.

TEX. GOV'T CODE § 25A.004(f); Sebastians' Response p. 24-25.

But supplemental jurisdiction only applies when some, but not all, claims asserted in a pending case are within the business court's primary jurisdiction and

22

are removed. If the parties and the court agree, § 25A.004(f) authorizes the business court to also accept jurisdiction over related claims that, but for the removal of the claims within the court's primary jurisdiction, could not be heard in the business court.

"[C]ase or controversy within the court's jurisdiction" refers to the removed action, not the entire underlying lawsuit with claims that can only be heard by the business court if it and the parties agree for it to exercise supplemental jurisdiction. "Within the court's jurisdiction" modifies the immediately preceding phrase "case or controversy" and identifies the case or controversy as the removed action which is within the business court's jurisdiction because it was removed. In other words, the business court can have supplemental jurisdiction over other claims pending in the original action in the original court that are related to *the removed action*.

The Sebastians' proposed interpretation of this phrase would mean supplemental jurisdiction could be exercised over claims unrelated to the removed action that were not removed by any party, which is nonsensical. The business court would have no basis to exercise supplemental jurisdiction over a claim unrelated to the removed action just because it was originally part of the same underlying trial court case. This phrase requires a claim to be related to the *removed action* to be subject to the business court's supplemental jurisdiction – not related to the non-removed action.

The Sebastians contend § 25A.004(f) requires the business court to have

23

jurisdiction over the entire case and every claim in the original trial court to exercise jurisdiction over any claims in any case. That interpretation directly contradicts the statute, which accounts for cases in which not all claims fall within the business court's jurisdiction. Chapter 25A further notes that there are some claims that will never fall within the jurisdiction of the business court, irrespective of agreement, including those listed in § 25A.004(h) and those filed prior to September 1, 2024. That does not mean that otherwise removable claims within such a case cannot be removed, separated into a new action, and submitted to the business court.

Section 25A.004(f) provides a statutory process for the business court to exercise jurisdiction over only some of the claims in the original trial court case, *because it does not have and is not required to have jurisdiction over all claims* in the original case. Indeed, the Act expressly prohibits certain claims from ever being adjudicated by the business court, and § 25A.004(f) details the mechanism by which such claims are separated for concurrent proceedings in the original trial court. There is no distinction in § 25A.004(f) between jurisdiction based on the Act's effective date and jurisdiction based on actions being within the categories described in § 25A.004(b), (c) or (d). The business court need only have jurisdiction over the removed action, with the remaining action separated and *de facto* severed for proceedings in the original court.

Even without partial removal and severance, the *Cypress* court referred to an "action against KRC" within the larger "entire action," indicating two distinct

24

actions subject to two separate jurisdictional analyses existed even prior to removal under Chapter 25A. *Cypress*, 2025 Tex. Bus. 8 ¶23, 2025 WL 610519, at *8. Only the removed action need be commenced after the effective date of the statute and meet the other jurisdictional requirements of the business court for the business court to accept removal. Chapter 25A's application to actions commenced after September 1, 2024 includes those actions comprised of removable claims against new parties filed after September 1, 2024 that are added to the original action in the original trial court.

If every claim in the entire original case must fall within the jurisdiction of the business court for Chapter 25A to apply and for **any** claims to be part of a removable action, litigants could circumvent the statutory scheme with artful pleading. *Cf. Murphy v. Russell*, 167 S.W.3d 835, 838 (Tex. 2005) ("We reaffirm that a claimant cannot escape the Legislature's statutory scheme by artful pleading."); Relators' Pet., pp. 30-31. The business court would be stripped of jurisdiction over otherwise removable actions if it was required to have jurisdiction over each and every claim in the original case to accept removal. The effect of the business court's "all or nothing" holding in this case is that artful pleading of a single claim in the original case that falls outside the business court's jurisdiction, or – as in the case at bar – the improper joinder of removable claims with claims not within the business court's primary jurisdiction, renders every claim in the case unremovable.

The Sebastians ask this Court to deprive Relators of the right to remove an action they concede consists entirely of claims within the business court's subject-matter jurisdiction solely because their own interspousal divorce claims — which were not removed to the business court by any party — predate the Act's effective date, and thus fall outside the business court's jurisdiction. MR:442, 476. Fortunately, the Legislature recognized cases involving vastly different claims commonly arise and expressly provided for the separation of those claims into distinct actions for concurrent proceedings in different courts upon the unilateral decision of a party to remove those claims. The business court had no discretion to ignore that statutory procedure and deny Relators their right to remove an action indisputably within the court's jurisdiction. Mandamus is warranted to correct the erroneous Remand Order.

## III.    No adequate remedy by appeal exists.

This Court recently held that, "in these early days of business court litigation, remand and removal is subject to review by mandamus…" *In re ETC Field Servs., LLC*, 2025 WL 582320 at *5.

"Removal of qualifying cases to the business court is a statutory right that must be respected." *Id*. at *4. In exercising their statutory right to remove, Relators sought to avail themselves of the business court's unique design for "prompt and uniform resolution of complex business litigation," and its "expertise not generally required of other judges." *Id*. While this Court noted those factors may have greater

case-specific benefits in some suits than others, this is one case where the benefit to Relators of utilizing the business court is particularly enormous. If the erroneous Remand Order is not vacated following mandamus review, these complex commercial claims will be heard by a Divorce Court largely inexperienced in adjudicating this type of dispute. *See* TEX. GOV'T CODE § 24.532 (the 387th Judicial District Court (Divorce Court) "shall give preference to family law matters.").

Whether by mistake or design, the Sebastians ask the Divorce Court to adjudicate complex issues it has likely never encountered, including their request for the Divorce Court to appoint a receiver to seize control over virtually every aspect of Relators' business and to issue a temporary injunction preventing Relators from engaging in routine business operations, which would undoubtedly have devastating and irreversible consequences. MR:401-404, 508-521. Further, if the Remand Order is upheld, the claims against Relators will be mired in proceedings involving completely unrelated issues such as child support, use and possession of the marital residence and vehicles, and division of the parties' personal bank accounts and other community property. MR:294-298. Prejudicial delay and inefficiency are certain to result.

Relators were improperly and prejudicially deprived of their important statutory right to remove a qualifying case, and mandamus review is warranted.

## PRAYER FOR RELIEF

Relators respectfully request that the Court (1) grant their Petition for Writ of

27

Mandamus; (2) order the business court to vacate its February 4, 2025 Opinion and Order remanding the cause to the 387th Judicial District Court of Fort Bend County, Texas; and (3) grant Relators all other appropriate relief.

Respectfully submitted,

**SHACKELFORD, MCKINLEY & NORTON, LLP**

K. Elizabeth Swan
State Bar No. 24071218
eswan@shackelford.law
Derek D. Rollins
State Bar No. 24029803
drollins@shackelford.law
Lucas Peterson
State Bar No. 24121469
lpeterson@shackelford.law
9201 N. Central Expressway, 4th Floor
Dallas, Texas 75231
Telephone (214) 780-1400
Facsimile (214) 780-1401

Timothy D. Zeiger
State Bar No. 22255950
tzeiger@shackelford.law
2600 Via Fortuna, Suite 150
Austin, Texas 78746
Telephone (512) 469-0900
Facsimile (512) 469-0930

**ATTORNEYS FOR RELATORS**
**T. Bently Durant, Thomas R. Durant,**
**The Durant Classic Dynasty Trust,**
**Michael A. Ward, 8100 Partners, Ltd.,**
**8100 Management LLC, 8705 Partners,**
**Ltd., and 8705 Management LLC**

28

**CERTIFICATE OF COMPLIANCE**

In accordance with Texas Rule of Appellate Procedure 9.4(i), I hereby certify that the foregoing Petition for Writ of Mandamus contains <u>6,715</u> words. In determining the number of words, I have relied on the "word count" feature of Microsoft Word, which was used to prepare this Petition.

*/s/ K. Elizabeth Swan*
K. Elizabeth Swan

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served

on the parties through their counsel of record listed below on this March 13, 2025,

in accordance with Texas Rule of Appellate Procedure 9.5.

BOHREER LAW FIRM PLLC
E. Michelle Bohreer
michelle@bohreerlaw.com
Pritesh Soni
pritesh@bohreerlaw.com
777 Post Oak Blvd., Suite 950
Houston, Texas 77056
***Counsel for Real Party in Interest Michael Jeffrey Sebastian, Individually and on behalf of the Sebastian Community Estate, and Derivatively on behalf of the Classic Dealerships***

Hon. Stacy Rogers Sharp
Judge of the Texas Business Court,
Fourth Division, Sitting by
Assignment
BCClerk@txcourts.gov
William P. Clements Building
300 West 15th Street, Suite 606
Austin, Texas 78701
***Respondent***

SCHEEF & STONE, LLP
Byron K. Henry
byron.henry@solidcounsel.com
Walker Steven Young
walker.young@solidcounsel.com
J. Mitch Little
mitch.little@solidcounsel.com
Steven Ovando
steven.ovando@solidcounsel.com
2600 Network Blvd., Suite 400
Frisco, Texas 75034

DICECCO LAW PARTNERS, PLLC
John Coselli, III
john@diceccolawpartners.com
Jill K. Evangelista
jill@diceccolawpartners.com
Joseph W. DeCecco
joe@diceccolawpartners.com
777 Post Oak Blvd., Ste. 900
Houston, Texas 77056

***Counsel for Real Party in Interest Tiffany Lynn Sebastian***

*/s/ K. Elizabeth Swan*
K. Elizabeth Swan

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Rosa Balderas on behalf of Kathleen Swan
Bar No. 24071218
rbalderas@shackelford.law
Envelope ID: 98428507
Filing Code Description: Response
Filing Description: Relators' Reply in Support of PWOM
Status as of 3/13/2025 2:11 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeri Hamman | | jeri.hamman@solidcounsel.com | 3/13/2025 1:55:14 PM | SENT |
| Melissa Diaz | | melissa.diaz@solidcounsel.com | 3/13/2025 1:55:14 PM | SENT |
| E Michelle Bohreer | | michelle@bohreerlaw.com | 3/13/2025 1:55:14 PM | SENT |
| Sharon Taylor | | sharont@bohreerlaw.com | 3/13/2025 1:55:14 PM | SENT |
| Pritesh Soni | | pritesh@bohreerlaw.com | 3/13/2025 1:55:14 PM | SENT |
| Laura Dale | | ldale@dalefamilylaw.com | 3/13/2025 1:55:14 PM | SENT |
| K ElizabethSwan | | eswan@shackelford.law | 3/13/2025 1:55:14 PM | SENT |
| Derek DRollins | | drollins@shackelford.law | 3/13/2025 1:55:14 PM | SENT |
| Lucas Peterson | | lpeterson@shackelford.law | 3/13/2025 1:55:14 PM | SENT |
| Timothy DZeiger | | tzeiger@shackelford.law | 3/13/2025 1:55:14 PM | SENT |
| Hon Stacy RogersSharp | | BCClerk@txcourts.gov | 3/13/2025 1:55:14 PM | SENT |
| J MitchLittle | | mitch.little@solidcounsel.com | 3/13/2025 1:55:14 PM | SENT |
| Steven Ovando | | steven.ovando@solidcounsel.com | 3/13/2025 1:55:14 PM | SENT |
| E MichelleBohreer | | e-service@bohreerlaw.com | 3/13/2025 1:55:14 PM | SENT |
| Walker StevenYoung | | walker.young@solidcounsel.com | 3/13/2025 1:55:14 PM | SENT |
| John Coselli III | | john@diceccolawpartners.com | 3/13/2025 1:55:14 PM | SENT |
| Jill KEvangelista | | jill@diceccolawpartners.com | 3/13/2025 1:55:14 PM | SENT |
| Joseph WDiCecco | | joe@diceccolawpartners.com | 3/13/2025 1:55:14 PM | SENT |
| Rosa Balderas | | rbalderas@shackelford.law | 3/13/2025 1:55:14 PM | SENT |